IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS ALEXANDER GREENE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PELICAN BAY STATE PRISON, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 15-0834 JSW (PR) <br><br> **ORDER OF DISMISSAL** <br><br> (Dkt. No. 2) |

Petitioner, who also refers to himself as "Marvellous Afrikan Warrior" and is a California prisoner at Pelican Bay State Prison, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner claims that prison officials did not properly follow the regulations governing administrative grievances.

Petitioner's claims are not the proper subject of a habeas action because they involve the conditions of his confinement and do not involve the fact or duration of his confinement. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*,

404 U.S. 249, 251 (1971).  A court is not required to do so, however.  Since the *Wilwording* case was decided there have been significant changes in the law.  For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven.  For civil rights cases, however, the fee is $350.00 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from his or her prisoner account.  In view of this, this case is DISMISSED without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above.  To the extent Plaintiff seeks to bring claims based on faults in — or a faulty execution of — the administrative grievance process in the California prisons, such claims are not cognizable in a federal civil rights action under 42 U.S.C. § 1983 because there is no federal constitutional right to an administrative grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Petitioner's motion to proceed in forma pauperis (docket no. 2) is GRANTED..

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided.  No reasonable jurist would find this Court's denial of his claim on procedural grounds debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED:  March 31, 2015

JEFFREY S. WHITE
United States District Judge